IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INDUSTRIES, INC., | No. C-15-3666 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| ERGO CONTRACT FURNITURE, et al., | |
| Defendants. | |

Before the Court is the "Motion to Dismiss of Defendants Ergo Contract Furniture, Euro Space, Inc., John Eric Yocius, Darren Pitts and Paul Randy Moseley," filed October 9, 2015, by which defendants seek dismissal of the First, Second, Fourth and Fifth Causes of Action in plaintiff Global Industries, Inc.'s ("Global") complaint.  Global has filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 4, 2015, and rules as follows:

1. Contrary to defendants' argument, the First, Second, and Fifth Causes of Action are not subject to dismissal.  As defendants note, said causes of action are predicated on contractual provisions prohibiting the individual defendants from soliciting Global's employees. (See Compl. ¶¶ 16, 22, 25, 33, 53, 59, 75-76; see also Compl. at 12:15-18.)

Although the Court agrees with defendants that California law would preclude enforcement of a provision that "violates a strong California public policy," see Scott v. Snelling & Snelling, Inc., 732 F. Supp. 1034, 1039 (N.D. Cal. 1990) (internal quotation and citation omitted), the provisions prohibiting solicitation of Global's employees do not violate any such policy and are not prohibited under California law, see Loral Corp. v. Moyes, 174 Cal. App. 3d 268, 278-80 (1985) (upholding validity of provision prohibiting former employee from "raiding" corporation's employees); Arthur J. Gallagher & Co. v. Lang, 2014 U.S. Dist. LEXIS 71286, at *13-14 (N.D. Cal. May 23, 2014) (holding, under California law, contractual provision "prohibiting [defendant] from recruiting [plaintiff's] employees is not void"; noting difference between provision that prohibits former employees from "hiring" current employees and provision that prohibits former employees from "actively recruiting or soliciting" current employees).

      2. Contrary to Global's argument, the Fourth Cause of Action, alleging a claim for misappropriation of trade secrets, is subject to dismissal. Although the complaint identifies the types of documents and information that Global alleges constitute the subject trade secrets (see Compl. ¶¶ 19, 28, 39 (identifying, inter alia, "customer lists" and "contact information of persons with purchasing authority")), the complaint fails to allege facts sufficient to support a finding that said documents and information "[d]erive[ ] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and are "the subject of efforts that are reasonable under the circumstances to maintain [their] secrecy," see Cal. Civ. Code § 3426.1(d) (defining "trade secret"). As it does not appear Global would be unable to cure such deficiencies, however, the Court will afford Global leave to amend to do so.

## CONCLUSION

     For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

     1. To the extent the motion seeks dismissal of the Fourth Cause of Action, the

1  motion is hereby GRANTED, and the Fourth Cause of Action is hereby DISMISSED, with
2  leave to amend no later than December 18, 2015.
3       2. In all other respects, the motion is hereby DENIED.
4       **IT IS SO ORDERED.**
5
6  Dated: December 1, 2015
   _____
   MAXINE M. CHESNEY
7  United States District Judge